UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PNC BANK NATIONAL ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY LEE, et al., )<br>)<br>Defendants. ) | No. 4:13-CV-1482 CAS |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff PNC Bank, National Association's ("PNC") motion for appointment of receiver. Defendants oppose the motion. Plaintiff has not filed a reply, and the time for doing so has passed. For the following reasons, the Court will deny PNC's motion.

### Background

On July 31, 2013, PNC filed this diversity action seeking to recover money owed on five separate promissory notes executed by defendants Anthony Lee and Purple Door Properties, Inc. ("defendants") in favor of PNC. The promissory notes are secured by deeds of trust on five properties owned by defendants located in St. Louis, Missouri. (Am. Compl. at ¶¶ 12, 17, 22, 27, and 32). The promissory notes are further secured by the assignment of rents on the rental income generated by these properties. (Id. at ¶¶ 13, 18, 23, 28, and 33). In its complaint, PNC alleges five separate counts related to the five promissory notes. It also alleges Count VI for appointment of receiver.

On August 7, 2013, PNC moved for the appointment of a receiver. It served this motion on defendants September 4, 2013. Defendants filed an opposition to the motion, stating that no extraordinary circumstances exist in this case that would justify appointment of a reciever.

### Discussion

The "appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316 (8th Cir. 1993). In Aviation Supply, the Eighth Circuit stated that "[a] receiver is an extraordinary equitable remedy that is only justified in extreme situations" and set out several factors relevant to the analysis. Id. at 316. However, Aviation Supply did not concern a contract that explicitly provided for the appointment of a receiver upon default. Instead, Aviation Supply involved a judgment creditor seeking the appointment of a receiver after the judgment debtor began transferring his assets. Id.

In cases where contracts explicitly provide for appointment of receiver, courts are split as to whether the advance consent is dispositive or merely a factor to consider in the analysis. There does not appear to be any controlling law in the Eighth Circuit on this point.

According to Moore's Federal Practice, a recurring situation in which receivers are appointed in federal court is when a secured creditor with an interest in real property seeks a receiver pending the foreclosure of a mortgage. 13 James Wm. Moore et al., Moore's Federal Practice § 66.04[2][c] (3d ed. 2013). Factors supporting appointment of a receiver include that the property value is inadequate to satisfy the debt, the debtor's financial situation is suspect, and/or there is an imminent danger of loss as shown by the debtor's failure to repay any part of the loan.

Here, the deeds of trust executed by defendants explicitly provide for the appointment of a receiver. The deeds of trust state:

> **Appoint Receiver**. Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

Compl., Ex. B at 6.[1]

In support of its motion to appoint a receiver, PNC states that this action is necessary to "avoid further diminution in the value of the Real Estate." (Pl. Mot. at 1). PNC states that the real estate is in "unknown condition" and defendant Anthony Lee has "repeatedly refused to provide PNC with access to the interior of the Real Estate." (Id. at 3). "The Real Estate is in danger of waste, depletion, and diminution of value." (Id. at 4). PNC also states that defendants have not paid real estate taxes for more than six years. (Id. at 2).

In response, defendants dispute these facts. Defendants state that the real estate taxes are not six years past due and that defendants have not refused access to PNC. (Defs.' Resp. at 2). Furthermore, defendants state that no evidence is before the Court that defendants' actions or inactions have resulted in any loss of value of the real estate. "On the contrary, defendants have taken extraordinary actions to insure that the property is fully leased at appropriate rents." (Id.) Moreover, PNC has not alleged any fraud is being committed by defendants. And PNC has ample other remedies less drastic than the appointment of a receiver, namely the assignment of the rents and foreclosure. (Id. at 5). For these reasons, and because defendants state that this is simply an ordinary action at law to recover a money judgment, defendants state that the appointment of a receiver is inappropriate.

Plaintiff has not filed any reply brief, and has presented no evidence by affidavit or otherwise that defendants have refused access to the property, or have taken any actions resulting in any loss of value to the real estate. Additionally, PNC has not stated any fraudulent conduct has occurred, that there is imminent danger that the property will be diminished in value (other than its

---

[1] Each deed of trust attached to the complaint has a similar provision for appointment of receiver. See, e.g., Am. Compl., Exs. E, H, K, and N.

"vulnerability to physical deterioration . . . in the upcoming winter months," which is hardly unique to defendants' property), or that it lacks a less drastic equitable remedy. See Aviation Supply Corp., 999 F.2d at 316-17 (setting out factors relevant to appointment of a receiver).

PNC has brought a suit for monetary damages based on defendants' alleged default on five promissory notes. PNC's allegations present a typical, garden-variety breach of contract action. PNC has presented no evidence of any imminent danger that the collateral may be lost or destroyed. It presents no extreme situation that would justify the "extraordinary" equitable remedy of appointing a receiver. As defendants point out, PNC can avail itself of less drastic remedies, including assignment of rents or foreclosure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff PNC Bank, National Association's motion for appointment of receiver is **DENIED**. [Doc. 5]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___7th___ day of October, 2013.